IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DANA DE BERNARDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SANTANDER CONSUMER USA, INC., | ) |
| | ) |
| Defendant. | ) |

8:18 cv 3111 T 36 JSS

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, DANA DE BERNARDI, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, SANTANDER CONSUMER USA, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. DANA DE BERNARDI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wesley Chapel, County of Pasco, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. SANTANDER CONSUMER USA, INC., (hereinafter, "Defendant") is a corporation conducting business within the State of Florida. Defendant's principal place of business is located in the State of Texas. Defendant is incorporated in the State of Illinois.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about July 14, 2016, Plaintiff filed a petition for bankruptcy in the U.S. Bankruptcy Court for the District of Nevada.

10. On or about October 19, 2016, Plaintiff was granted a discharge in her bankruptcy case.

11. One of the debts discharged in Plaintiff's bankruptcy on October 19, 2016 was a debt owed to Defendant.

12. Since being granted the discharged, Plaintiff has incurred no other debts with Defendant.

13. At no time between October 19, 2016 and October 2, 2018, did Plaintiff have a personal credit account with Defendant.

14. At no time between October 19, 2016 and October 2, 2018, did Plaintiff owe a debt to Defendant.

15. At no time between October 19, 2016 and October 2, 2018, did Plaintiff have a personal business relationship with Defendant.

16. Given the facts delineated above, between October 19, 2016 and October 2, 2018, Defendant had no information in its possession to suggest that Plaintiff owed a debt to Defendant.

17. Given the facts delineated above, between October 19, 2016 and October 2, 2018, had no information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

18. On or about October 2, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from a "consumer reporting agency" (i.e., Experian Information Solutions, Inc.), as that term is defined by 15 U.S.C. §1681a(f).

19. At no time between October 19, 2016 and October 2, 2018, did Plaintiff consent to Defendant accessing her individual and personal credit report.

20. On or about October 2, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

21. On or about October 2, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

22. On or about October 2, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

23. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

24. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

25. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

26. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

27. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

28. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

29. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

30. On or about October 2, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

31. Defendant's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to October 2, 2018.

32. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f).

33. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. Jury Demand

34. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, DANA DE BERNARDI, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DANA DE BERNARDI**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: December 24, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com